# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHESTER SANDERS, III, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 11-025-FHS-KEW ) |
| EMMA WATTS, Warden, | ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, is requesting dismissal of his sentence in Atoka County District Court Case No. CF-2009-195 for Possession of Contraband by an Inmate. He sets forth his claim as follows:

> Petitioner does not forfeit all constitutional protections because of his conviction and custodial status. He retained a cluster of some important rights the courts must be alter [sic] to protect. *Wolff v. McDonnell*, supra note 4, 418 U.S. at 555-556, 94 S.Ct. at 2974, 41 L.Ed.2d at 950-951.
>
> [P]rocedure, *due to lack of evidence*, page 8, number 5, thus violating Petitioner's state-created liberty interest.
>
> Op. 060125, Page 7, Section A, number 4, states: The supervisor will review the report to *ensure it is complete*, correct, legible, and understandable. If necessary, the offense report will be corrected by the supervisor or returned to the writer for corrections.

Petition [Docket No. 1] at 1-2 (emphasis in original).

The respondent has filed a response to the petition, alleging petitioner's claims are procedurally barred. The record shows that petitioner pleaded no contest to the charge in

Case No. CF-2009-195 on Nov. 13, 2009, and the Judgment and Sentence was entered on November 27, 2009. He did not file a direct certiorari appeal of his Judgment and Sentence, but on July 28, 2010, he filed a pleading in the Atoka County District Court captioned, "Application for Writ of Habeas Corpus." On September 14, 2010, the district court entered an order construing the application as an application for post-conviction relief and denying the application.

Petitioner appealed the denial of relief by filing a Petition-in-Error to the Oklahoma Court of Criminal Appeals. The OCCA declined jurisdiction, finding petitioner's appeal of the denial of post-conviction relief was untimely. *Sanders v. State*, No. HC-2010-1034, slip op. at 1 (Okla. Crim. App. Nov. 5, 2010).

> Rule 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2010), requires that an appeal from an order of the District denying relief be filed within thirty (30) days of the filing date of the trial court's order. Petitioner was denied relief in an order entered and filed September 14, 2010. His appeal of that denial should have been filed with this Court on or before October 14, 2010, but was not filed until October 22, 2010.

*Id.*

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Oklahoma Court of Criminal Appeals denied relief for petitioner's failure to comply with procedural rules. The state procedural default for failure to comply with Rule 10.1(C) was both "independent" and "adequate." *See Hamm v. Saffle*, 300 F.3d 1213, 1217 (10th Cir. 2002).

2

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not shown cause for the default. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "'gateway'" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal quotations omitted). The

3

court finds petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED this 1st day of February 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE